NATIONAL CITY BANK OF NEW YORK, Judgment Creditor, *v.* JAMES V. BROPHY, Judgment Debtor.

City Court of New York, Special Term, New York County, March 23, 1944.

*Harold H. Keefe* for judgment creditor.

No appearance for judgment debtor.

SCHIMMEL, J. This motion is granted to the extent of directing the judgment debtor to pay out of his income to the creditor on account of the judgment herein, pursuant to section 793 of the Civil Practice Act, the sum of $2 semimonthly on the 1st and 16th of every month commencing April 1, 1944. Payment of these installments shall be continued until the judgment, with appropriate interest thereon, is satisfied in full.

This judgment debtor earns $2,600 yearly; he has five children to support; the oldest is six years of age and the youngest six months. Taking into consideration the cost of living at this time and the rise in Federal taxes, I am of the opinion that this judgment debtor cannot be required to pay installments in greater amounts that those above provided. I realize that if the debtor's income were subject to a garnishee execution it would be possible for the creditor to take 10% of it or as much as $260 yearly. I do not think, however, that the amount which could be taken under a garnishee execution is the sole test to be applied in determining the installments a debtor should be directed to pay under section 793 of the Civil Practice Act. Under that statute the court is required to take

into account the needs of the debtor's family and also, I believe, actual living conditions and costs. It is true that this may result in an advantage to employees of the Federal Government — whose salaries are not at this time subject to garnishment — which persons employed by the State or City of New York or by private concerns or individuals do not possess. However, the discretion vested in the court by section 793 should be exercised wisely and with mercy; the statute authorizing the issuance of a garnishee execution was adopted long ago and has been little changed over the years as to amounts; it is inflexible and does not serve as a perfect standard for cases arising under section 793.